UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Embedded Planet, Inc., | ) | CASE NO. 1:13 CV 1337 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Corrisoft, LLC., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Corrisoft, LLC's Motion to Dismiss (Doc. 4). This case arises out of a contract between the parties known as the Design Services Agreement. The issue before this Court is whether plaintiff's claim is within the scope of an arbitration provision contained in the parties' agreement. For the following reasons, defendant's motion is GRANTED.

**Facts**

Plaintiff Embedded Planet, Inc. filed its Verified Complaint for Injunctive Relief against defendant Corrisoft, LLC which alleges the following.

Plaintiff is an Ohio corporation which has developed and owns intellectual property and

1

processes including certain proprietary software, documentation, and information for use in connection with the operation of single board computers, development platforms, and other products. Defendant, a Kentucky entity, is in the business of developing technological devices for the corrections industry.

In late 2011, defendant contacted plaintiff regarding a project involving the production of a new "bracelet" technology to be used for monitoring the location of prisoners by law enforcement personnel. Negotiations between the parties culminated in the execution of a Design Services Agreement (DSA), dated August 21, 2012, which governed the work being performed by plaintiff for defendant on three products- the Air Cuff, Air Protect, and Air Connect.

The DSA called for payments to plaintiff when certain "milestones" for project "deliverables" were met. Defendant was obligated to evaluate the deliverables and under Section 4.2 of the DSA, had to accept or reject the work within 30 days of receipt of the deliverables or the deliverables would be deemed accepted.

Plaintiff shipped certain deliverables between January 2013 and March 2013 which were deemed accepted because they were not rejected by defendant. Defendant paid for most of the shipments and ordered new product. Despite not rejecting the deliverables, defendant has failed to pay for outstanding products although it received invoices from plaintiff. Pursuant to Section 4.3 of the DSA, defendant was obligated to "pay invoiced amounts within 30 days after receipt of the invoice." On May 6, 2013, defendant informed plaintiff that "it was disavowing the DSA in its entirety and seeking another provider." This, along with defendant's refusal to pay for the outstanding products, has caused a default in plaintiff's credit arrangements. If the amounts remain unpaid, all credit will be cut off and plaintiff will be forced to cease operations

permanently.

The Verified Complaint for Injunctive Relief does not set forth any separate claims for relief but asserts that plaintiff will be irreparably damaged if defendant fails and refuses to pay. The Verified Complaint asks for "the imposition of an immediate mandatory injunction requiring [defendant] to pay the amount of $533,000" to plaintiff.

This matter is now before the Court upon defendant's Motion to Dismiss.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain

3

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

### Discussion

Defendant moves to dismiss on two bases. First, defendant asserts that the DSA contains an arbitration provision whereby the parties agreed to submit all controversies to arbitration. Second, the Verified Complaint for Injunctive Relief fails as a matter of law because it cannot meet the elements necessary to obtain injunctive relief, namely it seeks money damages in the amount of $533,000.

The Sixth Circuit applies a four-pronged test to evaluate a motion to dismiss or stay the proceedings and compel arbitration: (1) The Court must determine whether the parties agreed to arbitrate; (2) The Court must determine the scope of the agreement; (3) If federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and (4) If the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2000). In applying this test, "doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration." *Id.* at 715.

Defendant asserts that there is a valid agreement to arbitrate and that this dispute falls within the scope of that agreement. Plaintiff asserts that the DSA contains an exception to the arbitration clause which entitles plaintiff to seek injunctive relief in court.

4

The DSA states in relevant part:

**13. ARBITRATION.**  Any dispute arising between the parties hereunder shall be resolved by arbitration in Cleveland, Ohio, according to the Rules of the American Arbitration Association, and the award of the arbitrator(s) shall be final and binding upon the parties. The Arbitrator, if a single arbitrator, or the Chairman, if a panel, shall be a lawyer with experience in handling disputes in the computer industry and the other two panel members shall have background or training in computer law, computer science or the computer industry. In the event a demand for arbitration is filed pursuant hereto, the parties shall have the same rights to discovery under the Ohio Rules of Civil Procedure as if the dispute had been filed as an original action in an Ohio court. Any federal or Ohio court located in Cuyahoga County, Ohio shall have jurisdiction, to which [defendant] hereby consents, and shall be authorized to enforce said rights as if the entire dispute were pending before said Court. The award of the Arbitrator(s) shall be final and may be enforced by any court of competent jurisdiction.

**14.  INJUNCTION.**  Notwithstanding the foregoing paragraph 14 [sic], in the event [defendant] violates any of its obligations under paragraphs 3, 4, 5, 6, 7, 9 or 12 hereof, in addition to any other remedies available in law or equity, [plaintiff]  may apply to any Court of competent jurisdiction for an injunction to prohibit further violations. [Defendant] acknowledges that in the event it breaches any of its obligations of the foregoing paragraphs, [plaintiff] will be irreparably damaged for which it will have no adequate remedy at law.

(Compl. Ex. A)

Defendant asserts that the arbitration provision is broadly written and this controversy clearly falls within its purview as evidenced by plaintiff's request for "an immediate mandatory injunction requiring [defendant] to pay the amount of $533,000 to [plaintiff] as specifically required by Section 4 of the Design Services Agreement."

Plaintiff contends that Paragraph 14, above, provides an express limitation on arbitration, an unambiguous exception to the arbitration clause. In this clause, plaintiff asserts, the parties agreed that defendant's failure to honor its obligations would cause irreparable harm and that plaintiff would be entitled to seek injunctive relief to remedy the failure. Because defendant is in breach of Section 4 of the DSA, the claim is not subject to mandatory arbitration.

For the following reasons, this dispute is subject to arbitration.

Paragraph 14 states that plaintiff may apply to a court for an injunction "to prohibit further violations" of the DSA. The Court agrees with defendant that the purpose of the injunction that plaintiff is seeking herein is not to prohibit further violations, but to collect money for the alleged past breach of the DSA, namely payment for unpaid invoices in the amount of $533,000. The Complaint does not allege that an injunction is needed to prohibit "further violations" and, in fact, alleges that on May 6, 2013, defendant informed plaintiff that it was "disavowing" the DSA and seeking another provider. Apparently, the parties' business relationship has ended. Plaintiff's claim is for a prior breach of contract and seeks payment for the breach.

Plaintiff asserts that it is seeking an injunction to prohibit a "continuing violation" of the DSA. In particular, plaintiff points out that it has alleged that it is seeking to enjoin defendant from continuing to breach its payment obligations under the terms of the DSA:

> The Verified Complaint clearly alleges that [defendant] has an ongoing contractual obligation to pay for products it accepted under the terms of the agreement, and it continues to breach those obligations each day that it refuses to tender the payment due to [plaintiff].

(Doc. 12 at 2). Plaintiff points to Section 4.2 of the DSA which states that defendant has an obligation to reject the work or it would be considered accepted, and Section 4.3 which states that defendant must pay the amounts invoiced. Defendant has violated its obligations under Section 4 in failing to timely reject the deliverables which has resulted in an obligation to pay for them. Plaintiff states that "each day that [defendant] refuses to pay [plaintiff] as required, [defendant] continues to breach the parties' agreement." (Doc. 12 at 4). On this basis, the injunction is necessary to prohibit further violations of the DSA.

This Court disagrees with plaintiff's reasoning and agrees with defendant that a contract

6

to pay can only be breached once, and that the breach occurs when the payment is due and not every day thereafter.  As defendant points out, if the Court were to accept plaintiff's argument, the statute of limitations on a claim for non-payment would never run because each day that payment was not made would be a continuing breach.

This controversy falls within the purview of the arbitration provision. Because the Court finds that dismissal is warranted based on the arbitration provision in the DSA, the Court need not reach defendant's alternative argument that dismissal is proper because the Complaint for Injunctive Relief seeks only monetary damages.

**Conclusion**

For the foregoing reasons, defendant Corrisoft, LLC's Motion to Dismiss is granted.

IT IS SO ORDERED.

                                     /s/Patricia A. Gaughan
                                   PATRICIA A. GAUGHAN
Date:   8/14/13            United States District Judge